**Turner, O'Mara, Donnelly & Petrycki, P.C.**
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
Telephone No. (856) 667-2600
Attorneys for Defendant Target Corporation,
improperly also identified as Target Store #2392

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORIA RAUB,<br>        Plaintiffs,<br><br>vs.<br><br>TARGET STORE #2392;<br>TARGET CORPORATION; JOHN DOES 1-100 AND XYZ INC., (fictitious names for persons and commercial entities including their agents, servants, contractors, employees, merchants, contractors, subcontractors and cleaning services who owned, operated, maintained, managed, cared for, possessed, and or controlled the premises upon which plaintiff was caused to fall and or who may be liable to the plaintiff or were responsible for the safety of the defendant's invitees and guests);<br><br>        Defendants | Case Number:<br><br><br>**NOTICE OF REMOVAL** |

### Statement of the Case

1.      Plaintiff, Victoria Raub, is a resident in the Township of Barnegat, County of Ocean and State of New Jersey.  (See **Exhibit A** – Complaint).

2.      Defendant, Target Corporation, is a citizen of the State of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55402.

3.      Plaintiff also identified a defendant in the Complaint named "Target Store #2392." There is no legal entity known as "Target Store #2392" as the Manahawkin store (where the subject incident occurred) is owned by Target Corporation.

4.      On January 15, 2021, plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Ocean County, styled Raub v. Target Store #2392 and Target Corporation, et al., Docket No. OCN-L-122-21 (the "State Court Action"). (See **Exhibit A**).

5.      Defendant, Target Corporation, was served with the Summons and Complaint on or after January 15, 2021[1]. (See **Exhibit B**).

6.      The Complaint purports to assert a cause of action in negligence against defendant, Target Corporation, when the plaintiff sustained bodily injuries when she was caused to slip/trip and fall as a result of a dangerous condition, mainly tissue paper and cardboard on the aisle floor at Target's store located in Manahawkin, New Jersey on or about April 16, 2019.  (See **Exhibit A**).

7.      The relief plaintiff seeks include, *inter alia*, compensatory damages for the injuries sustained.

**Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

8.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between plaintiff and defendant, Target Corporation, and more than seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, is at stake.

---

[1] Target Corporation's records indicate that the Summons and Complaint were served on January 18, 2021. However, plaintiff's counsel has filed an Affidavit of Service with the Superior Court of New Jersey noting that the Summons and Complaint was served on January 15, 2021, the same date which the Complaint was filed.  In order to avoid any confusion, Target will use the date of service of January 15, 2021 as set forth in the Affidavit of Service for purposes of this Notice of Removal.

9. In the Complaint, plaintiff, Victoria Raub, states that she is a resident of the Township of Barnegat, County of Ocean, State of New Jersey.

10. Defendant Target Corporation is not a citizen of New Jersey, as it is a Minnesota corporation with its principal place of business in Minnesota. Therefore, Defendant is a citizen of the State of Minnesota and there is complete diversity between plaintiff and Target Corporation.

11. Plaintiff alleges in the Complaint that she was injured, bruised and wounded so that she became sick, sore, lame and disabled and was, upon information and belief, permanently injured and was for a long time and will be prevented from attending her daily occupation. The Complaint further asserts that plaintiff lost sums of money that she otherwise would have earned, and has expended and will continue to expend large sums of money to be cured of her injuries. Specifically, medical documents obtained presuit indicate that plaintiff sustained an injury to her right knee and underwent treatment including, but not limited to, at least two (2) Kenalog injections in her right knee. Ms. Raub subsequently underwent an MRI of the right knee which was reviewed by her treating orthopedist who noted a tear of her medial meniscus. Thus, it is reasonably believed that there is over seventy-five thousand dollars ($75,000.00) in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## All Procedural Requirements for Removal Have Been Satisfied

12. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5.1(e), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon defendant Target Corporation are being filed with this Notice of Removal.

13. Pursuant to 28 U.S.C. § 1446(b), the within Notice of Removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action and proceeding is based or within thirty

days after service of the Summons upon the defendant. Target Corporation was served on or after January 15, 2021. Thirty days from this date would be February 14, 2021. However, February 14, 2021 was a Sunday and February 15, 2021 was a legal holiday – Presidents Day. Therefore, pursuant to Rule 6(a)(1)(C), the filing of the Notice of Removal on February 16, 2021 is timely in accordance with 28 U.S.C. § 1446(b).

14. As Target Corporation is the sole named defendant, all defendants have consented to removal.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446 (a) because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey, Law Division, Ocean County, where the State Court Action was active.

### Conclusion

By this Notice of Removal, defendant Target Corporation does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant Target Corporation intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated: February 16, 2021

*John V. Petrycki, Jr.*
John V. Petrycki, Jr., Esquire
**Turner, O'Mara, Donnelly & Petrycki, P.C.**
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
Phone: (856) 667-2600
Fax: (856) 667-8787
*jpetrycki@turneromara.com*
Attorneys for Defendant Target Corporation,
improperly also identified as Target Store #2392

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing NOTICE OF REMOVAL, with exhibits, was sent to Christopher R. Shea, Esquire, attorney for plaintiff, via email at *crshea@rcshea.com* on February 16, 2021.

*John V. Petrycki, Jr.*
John V. Petrycki, Jr., Esquire