# EXHIBIT A

**R.C. SHEA & ASSOCIATES**
**Counsellors At Law, P.C.**
244 Main Street – PO Box 2627
Toms River, New Jersey 08754-2627
Tel:  (732) 505-1212/Fax: (732) 505-0423
Attorney Id. 02039-1998
Attorney for Plaintiff, Victoria Raub
File Number:   13871

|  |  |
|---|---|
| VICTORIA RAUB, | : SUPERIOR COURT OF NEW JERSEY |
|  | : LAW DIVISION: OCEAN COUNTY |
|  | : |
|  | : Docket No.: OCN-L-122-21 |
|  | : |
|  | : |
| Plaintiffs, | : |
| vs. | : CIVIL ACTION |
|  | : |
| TARGET STORE # 2392; TARGET | : |
| CORPORATION, JOHN DOES 1-100 and | : **SUMMONS** |
| XYZ, INC. 1-100, (fictitious names for | : |
| persons and commercial entities including | : |
| their agents, servants, contractors, | : |
| employees, merchants,  contractors, | : |
| subcontractors and cleaning services who | : |
| owned, operated, maintained, managed, | : |
| cared for, possessed, and or controlled the | : |
| premises upon which plaintiff was caused to | : |
| fall and or who may be liable to the plaintiff | : |
| or were responsible for the safety of the | : |
| defendant's invitees and guests); | : |
|  | : |
| Defendants. | : |

FROM THE STATE OF NEW JERSEY
TO THE DEFENDANT :                    TARGET CORPORATION

   The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of
New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you
dispute this complaint, you or your attorney must file a written answer or motion and proof of
service with the deputy clerk of the Superior Court in the county listed above within 35 days
from the date you received this summons, not counting the date you received it.  (The address of
each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then
you must file your written answer or motion and proof of service with the Clerk of the Superior
Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625.  A $135.00 filing fee payable to

the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

*MICHELE M. SMITH*
Clerk of the Superior Court

Dated:  January 15, 2021

Defendant to be served:     TARGET CORPORATION
Address:                    1000 Nicollet Mall
                            Minneapolis, MN  55403



BUL00000629

RECIPIENT
SENDER          Target Legal
MAILSTOP        Subpoena
                TPS-3155

**R.C. SHEA & ASSOCIATES**
**Counsellors At Law, P.C.**
244 Main Street – PO Box 2627
Toms River, New Jersey 08754-2627
Tel:  (732) 505-1212/Fax: (732) 505-0423
Attorney Id. 02039-1998
Attorney for Plaintiff, Victoria Raub
File Number:   13871

| | |
|---|---|
| VICTORIA RAUB, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: OCEAN COUNTY |
| | Docket No.: OCN-L- |
| Plaintiffs, | |
| vs. | CIVIL ACTION |
| TARGET STORE # 2392; TARGET CORPORATION, JOHN DOES 1-100 and XYZ, INC. 1-100, (fictitious names for persons and commercial entities including their agents, servants, contractors, employees, merchants,  contractors, subcontractors and cleaning services who owned, operated, maintained, managed, cared for, possessed, and or controlled the premises upon which plaintiff was caused to fall and or who may be liable to the plaintiff or were responsible for the safety of the defendant's invitees and guests); | **COMPLAINT, JURY DEMAND, NOTICE OF OTHER ACTIONS, DESIGNATION OF TRIAL COUNSEL, CERTIFICATION PURSUANT TO RULE 4:5-1, DEMAND FOR ANSWERS TO FORM AND SUPPLEMENTAL INTERROGATORIES, AND NOTICE TO PRODUCE** |
| Defendants. | |

Plaintiff, VICTORIA RAUB, residing at, in the Township of Barnegat, County of

Ocean, and State of New Jersey, by way of Complaint against defendants say:

## FIRST COUNT

1.  On or about April 16, 2019, the plaintiff VICTORIA RAUB, was a lawful invitees on the premises commonly known as the TARGET STORE # 2392, located in Manahawkin, New Jersey, where plaintiff was caused to slip/trip and fall.

2.  At the above time and place, plaintiff was caused to slip/trip and fall as a result of a dangerous and hazardous condition then and there existing, namely tissue paper and cardboard on the aisle floor.

3.  The defendant(s), TARGET CORPORATION, TARGET STORE # 2392, JOHN DOES 1-100 (fictitious names for commercial agents, servants, and or employees whose names are unknown and who owned, operated, maintained, managed, cared for, possessed, and or controlled the premises upon which plaintiff was caused to slip/trip and fall and or who may be liable to the plaintiff or were responsible for the safety of the defendant's invitees and guests);  and XYZ, INC. 1-100 (a fictitious name for one or more business entities  whose names are presently unknown including, but not limited to, merchants,   contractors, subcontractors and cleaning services who owned, operated, maintained, managed, cared for, possessed, and or controlled the premises upon which plaintiff was caused to slip/trip and fall and who may have been responsible for the safety of the guests of the subject premises) individually and through their agents, servants and employees, owned, operated, maintained, managed, cared for, possessed and controlled the premises upon which plaintiff was caused to slip/trip and fall.

4.  At all times herein, the defendants aforesaid, by and through their agents, servants, and employees were under a duty to use reasonable care to inspect and make the

premises safe for their guests, including plaintiff. The defendant's duty also included the duty to warn.

5.  Defendants had both actual and constructive notice of the alleged dangerous condition.

6.  Defendants aforesaid, by and through their agents, servants, and employees, breached their duty to plaintiff through their negligent, careless and reckless acts and omissions.

7.  As a direct and proximate result of the negligence of the defendants aforesaid, jointly, severally or in the alternative, plaintiff(s) was injured, bruised, and wounded so that plaintiff became sick, sore, lame and disabled, and was upon information and belief permanently injured and was for a long time and will be prevented from attending her daily occupation, thereby losing sums of money that she otherwise would have earned, and has expended and will continue to expend large sums of money in endeavoring to be cured of her injuries aforesaid, and has endured and will continue to endure great pain and suffering and the quality of her life has been diminished.

**WHEREFORE,** Plaintiffs demand judgment against the defendants jointly, severally or in the alternative for damages, unliquidated damages to be calculated on a Time Unit basis interest, costs of suit, attorney's fees, and such other relief as the court may deem just.

## SECOND COUNT

1.  Plaintiff repeats and re-alleges each and every allegation contained in the paragraph(s) above as if more fully set forth at length herein.

2.   Plaintiff's injuries and manner in which he was injured are such that the instrumentality was under defendants' control, and the injuries would not have been sustained but for the carelessness, negligence, and recklessness of the defendants, their agents, servants, and employees.

3.   As a direct and proximate result of the negligence of the defendants aforesaid, jointly, severally or in the alternative, plaintiff(s) was injured, bruised, and wounded so that plaintiff became sick, sore, lame and disabled, and was upon information and belief permanently injured and was for a long time and will be prevented from attending her daily occupation, thereby losing sums of money that she otherwise would have earned, and has expended and will continue to expend large sums of money in endeavoring to be cured of her injuries aforesaid, and has endured and will continue to endure great pain and suffering and the quality of her life has been diminished.

**WHEREFORE,** Plaintiffs demand judgment against the defendants jointly, severally or in the alternative for damages, unliquidated damages to be calculated on a Time Unit basis, interest, costs of suit, attorney's fees, and such other relief as the court may deem just.

## THIRD COUNT

1.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraph(s) above as if more fully set forth at length herein.

2. At all times herein the defendants herein by and through their agents, servants, and employees, having been under the duty to warn plaintiff of the dangers and risks of

being on the premises in fact failed to warn and otherwise make known to the plaintiff the dangers and risks of being on the premises of the defendants.

    3.  As a direct and proximate result of the negligence of the defendants aforesaid, jointly, severally or in the alternative, plaintiff(s) was injured, bruised, and wounded so that plaintiff became sick, sore, lame and disabled, and was upon information and belief permanently injured and was for a long time and will be prevented from attending her daily occupation, thereby losing sums of money that she otherwise would have earned, and has expended and will continue to expend large sums of money in endeavoring to be cured of her injuries aforesaid, and has endured and will continue to endure great pain and suffering and the quality of her life has been diminished.

    **WHEREFORE**, Plaintiffs demand judgment against the defendants jointly, severally or in the alternative for damages, unliquidated damages to be calculated on a Time Unit basis, interest, costs of suit, attorney's fees, and such other relief as the court may deem just.

## FOURTH COUNT

    1.  Plaintiff repeats and re-alleges each and every allegation contained in the paragraph(s) above as if more fully set forth at length herein.

    2.  The defendants herein, created and maintained a nuisance which resulted in injuries sustained by plaintiff as aforesaid.

    3.  As a direct and proximate result of the negligence of the defendants aforesaid, jointly, severally or in the alternative, plaintiff(s) was injured, bruised, and

wounded so that plaintiff became sick, sore, lame and disabled, and was upon information and belief permanently injured and was for a long time and will be prevented from attending her daily occupation, thereby losing sums of money that she otherwise would have earned, and has expended and will continue to expend large sums of money in endeavoring to be cured of her injuries aforesaid, and has endured and will continue to endure great pain and suffering and the quality of her life has been diminished.

**WHEREFORE**, Plaintiffs demand judgment against the defendants jointly, severally or in the alternative for damages, unliquidated damages to be calculated on a Time Unit basis, interest, costs of suit, attorney's fees, and such other relief as the court may deem just.

## FIFTH COUNT

1.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraph(s) above as if more fully set forth at length herein.

2.   The defendants herein maintained, operated, controlled and supervised a dangerous instrumentality and are, therefore, strictly liable for the injuries which resulted from said dangerous instrumentality.

3.  As a direct and proximate result of the negligence of the defendants aforesaid, jointly, severally or in the alternative, plaintiff(s) was injured, bruised, and wounded so that plaintiff became sick, sore, lame and disabled, and was upon information and belief permanently injured and was for a long time and will be prevented from attending her daily occupation, thereby losing sums of money that she otherwise would have earned, and has expended and will continue to expend

large sums of money in endeavoring to be cured of her injuries aforesaid, and has endured and will continue to endure great pain and suffering and the quality of her life has been diminished.

**WHEREFORE**, Plaintiffs demand judgment against the defendants jointly, severally or in the alternative for damages, unliquidated damages to be calculated on a Time Unit basis, interest, costs of suit, attorney's fees, and such other relief as the court may deem just.

## SIXTH COUNT

1.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraph(s) above as if more fully set forth at length herein.

2.   Defendants herein, as a direct proximate result of the aforesaid acts/omissions of their agents, servants and employees, are liable to plaintiffs under the doctrine of *respondeat superior* for the damages and injuries referred to above.

3.   As a direct and proximate result of the negligence of the defendants aforesaid, jointly, severally or in the alternative, plaintiff(s) was injured, bruised, and wounded so that plaintiff became sick, sore, lame and disabled, and was upon information and belief permanently injured and was for a long time and will be prevented from attending her daily occupation, thereby losing sums of money that she otherwise would have earned, and has expended and will continue to expend large sums of money in endeavoring to be cured of her injuries aforesaid, and has endured and will continue to endure great pain and suffering and the quality of her life has been diminished.

**WHEREFORE**, Plaintiffs demand judgment against the defendants jointly, severally or in the alternative for damages, unliquidated damages to be calculated on a Time Unit basis, interest, costs of suit, attorney's fees, and such other relief as the court may deem just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, CHRISTOPHER R. SHEA, ESQ. is hereby designated a Trial Counsel of this matter.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated.  All parties known to plaintiff at this time who should have been joined in this action, have been joined.

**R.C. SHEA & ASSOCIATES**
Attorneys for Plaintiff


By: *Christopher R. Shea*
CHRISTOPHER R. SHEA, ESQUIRE

Dated: January 15, 2021

## <u>DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES.</u>

PLEASE TAKE NOTICE that pursuant to Rule 4:17-1(b)(2), plaintiff hereby demands answers to Uniform Interrogatories Form C and Form C(2) within sixty (60) days of the filing of Defendant's Answer to this Complaint.

## <u>DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES.</u>

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(1), plaintiff hereby demands Certified answers to the following Supplemental Interrogatories within sixty (60) days of the filing of Defendant's Answer to this Complaint.

## <u>SCHEDULE OF SUPPLEMENTAL INTERROGATORIES</u>

S1.    State the fill name and the position held of the person answering these supplemental interrogatories.

S2.    If you claim that a person or entity not already a party to this lawsuit is or may be liable to you and or the plaintiff for some or all of the damages alleged, then state the full name and address of the person or entity so responsible and a factual basis for same.

S3.    State whether at the time of the incident complained of in the complaint there existed any operations manuals, safety manuals or employee manuals or the functional equivalent thereof including, *but not limited to*, Customer Safety Programs, Employee/Associate Orientation Guides, Manager's Safety Guide / Manual, Safety-Sweep Logs; Walk Though Logs; and Sweep Logs, Company Stated Safety Policies, Risk Management Guides/Policies and or procedures and any Safety Rules.

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that the undersigned attorneys for plaintiff(s), pursuant to New Jersey Court Rule 4:18-1, hereby demand that defendant(s) produce the following documents for inspection at the offices of R.C. SHEA & ASSOCIATES, 244 Main Street, Toms River, New Jersey, within 35 days from the date of this Notice.

## DOCUMENTS REQUESTED

1.     Any and all statements made by any party to this lawsuit, their agents, representatives or employees, whether written or oral; any and all statements made by any witnesses to the events described in any and all of the paragraphs of the complaint, and any and all statements made by any person other than witnesses or parties which relate or refer in any way to the cause of action.

2.     Any and all written reports rendered by defendant(s) proposed expert witnesses, including, but not limited to any liability and medical expert witness intended or not intended to be called at the time of trial.

3.     Any and all books, treatises commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and utilized by or relied upon by an expert witness whom defendant(s) intend(s) to call at trial.

4.     Any and all blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, video, models or other visual reproduction of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses whom defendant(s) intend(s) to call at the time of trial.

5.      A copy of any and all written report or summaries of oral reports, as well as copies of the curriculum vitae of any and all experts that have been supplied to defendant's attorneys, whose testimony will be offered at time of trial in the above captioned matter.

6.      Colored copy of any photographs or surveys of the scene of the incident complied of in the complaint or of any objects or persons involved therein whether in the possession of the attorney, party or in the possession of any representatives of the insurance carriers.

7.      If defendant contends that any person or entity who is not already a party to this lawsuit is or may liable for some or all of the damages complied of in the complaint then identify and set forth all documents that identify that person and or entity as well as those documents that form the basis of said liability.

8.      A copy of any and all medical records, bills, diagnostic tests, reports, and summaries obtained by defendants regarding any medical treatment received by plaintiff(s) prior to the date of the subject incident complained of in the complaint.

9.      Police or other Municipal, County, State or Federal investigative report.

10.     Any documents obtained from any party or any of its agencies, branches or subdivisions.

11.     Any recorded or written statement obtained or taken by your insurance company.

12.     Provide a copy of any and all videotape recordings, photographs, films, visual reproductions of the plaintiff or of any object, place or thing made in connection with this matter.

13.     Certified true copies of all general excess liability insurance policies/ umbrella liability policies or excess liability policies; business or professional liability insurance policies that were in effect at the time of the accident that forms the basis of Plaintiff's Complaint and which provides coverage to the Defendant(s) herein irrespective of whether or not the Defendant(s) is/are a named insured on said policy of insurance.

14.     As to any CIB Index Search or the functional equivalent thereof that was performed by the defendant's insurance carrier, please produce a true and accurate and complete copy of the results of same.

15.     Copies of all contracts that were in effect at the time of the incident complaint of in the complaint between the defendants and any person/entity concerning general facility maintenance and general property maintenance of the area where the fall occurred.

16.     If the area where the fall occurred, particularly the floor, was maintained by employees of defendant(s) then identify and produce a legible copy of any and all documents that identify the names and addresses of the employees responsible for maintaining the area where the fall occurred, including the cleaning and maintenance of the floors on the day of the incident in question.

17.    If on or before the incident in question the defendants published, distributed or displayed any notices or warnings to the general public and their patrons of the existence of any dangerous or hazardous condition then and there existing including, but not limited to, any hazardous substance on the floor where the fall occurred, then please identify and attach hereto a copy of any such publication, display or notice.

18.    If defendants contend that the substance on the floor where the plaintiff's fall occurred as alleged in the Complaint was "obvious" such that no prior warning thereof by the defendant was required then identify herein and attach hereto a copy of any and all documents, wirings or thing that you will rely upon to support such a defense.

19    Identify and produce a true, accurate and complete copy of any and all inspection and safety procedure/instructional manuals (or the functional equivalent thereof) that were in effect on the day of the incident complained of in the complaint concerning safety inspections of the area where the fall occurred and identify herein and attach hereto the individual(s) responsible for implementing said inspection.

20.    Identify and produce any and all Customer Safety Programs, manuals or the like that were in effect on the date of the incident complained of in the complaint.

21.    Identify and produce any and all Employee/Associate Orientation Guides that were in effect on the day of the incident complained of in the complaint.

22.    Identify and produce any and all Manager's Safety Manual that existed on incident complained of in the complaint.

23.    Identify and produce any and all Safety-Sweep Logs; Walk Though Logs; and Sweep Logs that were in existence on the day of the incident complained of in the complaint and pertaining the  area where the fall occurred.

24.    Identify and produce any and all Employee Orientation Material that was in existence on the day of the incident complained of in the complaint.

25.    Identify and produce any and all Company Stated Safety Policies and Safety Rules that were in effect on the day of the fall.

26.    Identify and attach hereto any and all documents that identify the type of flooring that plaintiff was walking on when the fall occurred, the date the flooring was purchased, the date the flowing was installed, the identity of the manufacturer of the flooring and the identity of the person/ entity that sold the flooring to defendant.

27.    If, prior to the plaintiff's fall, any measures were taken by defendants to increase the floor's slip resistance (to make the floors less slippery), identify each and every person that was involved in such an endeavor and identify and attach hereto each and every document/study pertaining to same.

28.    Identify and produce all display plan diagrams that were in effect at the time of the incident in question.

29.    Identify and produce any and all display safety instructions, manuals, literature, etc. that were in effect at the time of the incident in question and thirty days prior thereto.

30. Identify and produce any and all safety manuals and training materials which may exhaustively define and relate to the type of hazard complained of in the complaint and plaintiff's answers to interrogatories.

31. Identify and produce any and all market research/ consultant analytics of consumer behavior in the mall/retail /grocery store where the fall occurred.

32. All transcripts, documents, demonstrative items and reports which may be utilized to cross-examine plaintiff's experts.

**R.C. SHEA & ASSOCIATES**
Attorneys for Plaintiff

By: _/s/ *Christopher R. Shea*_
CHRISTOPHER R. SHEA, ESQUIRE

Dated: January 15, 2021

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-000122-21**

**Case Caption:** RAUB VICTORIA  VS TARGET STORE # 2392

**Case Initiation Date:** 01/15/2021

**Attorney Name:** CHRISTOPHER RYAN SHEA

**Firm Name:** R. C. SHEA & ASSOCIATES

**Address:** 244 MAIN STREET PO BOX 2627

TOMS RIVER NJ 08754

**Phone:** 7325051212

**Name of Party:** PLAINTIFF : Raub, Victoria

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Victoria Raub?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/15/2021
Dated

/s/ CHRISTOPHER RYAN SHEA
Signed